DEPUE v. DEPUE.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

DEPOSITIONS—ORAL EXAMINATION—PRACTICE.

Where plaintiff's affidavit for a commission to take testimony, under Code Civ. Proc. § 893, providing that certain courts may order a commission to take testimony on oral questions outside of the state, failed to show that the witnesses were adverse to plaintiff, or that any effort had been made to obtain information from them, the order will not be granted, since oral examinations in such cases will be permitted only when very strong reasons are shown to exist.

Appeal from Special Term.

Action by Arthur W. Depue against Mary C. Depue. From an order granting plaintiff's motion for a commission to take testimony upon oral questions outside of the state, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Reid L. Carr, for appellant.

William H. Cochran, for respondent.

PER CURIAM. An oral examination of witnesses upon a commission to be executed without the state is permitted only when very strong and special reasons therefor are shown to exist. No such reasons are shown in the present case. The affidavit upon which the motion was based states as the conclusion of the plaintiff that, owing to the character of the action and the aversion of the proposed witnesses to testify, it has been impossible to secure such full statements from them as will enable and permit counsel to draw such interrogatories for their respective examinations as will bring out all the facts within their knowledge and which are material to the alleged acts of adultery—meaning, doubtless, material to the proof of such acts. The affiant also says that his counsel advises him that the proper examination of said witnesses can only be made by oral questions. ·This affidavit differs from others which have heretofore been held to be insufficient to support similar motions only in that it states no facts at all from which the court can determine that a commission for examination upon oral questions should issue. It does not say that the proposed witnesses are adverse to plaintiff, but only that they are averse to testifying, which would probably be true, in whatever form their examination is sought. It does not show that any efforts, or what efforts, have been made to obtain information from them, although it does show, in another paragraph, that plaintiff has been able to state to his counsel fully what he expected to prove by each witness. In short, those portions of the affidavit intended to be persuasive consist only of the affiant's conclusions, with no statement of the facts upon which those conclusions rest. The fact that the action is for divorce is rather a reason against, than for, the desired commission.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs.